## GETCHELL ET AL. v. BENEDICT.

1. **Street:** DEDICATION IN PAIS: CITY PLAT. Where a party has dedicated land, by acts *in pais*, for a public street, and the public has accepted the dedication and acquired a right thereto, he cannot defeat that right by subsequently filing a city plat, covering a portion of the same land.

2. ——: ———: EVIDENCE OF. Declarations by a person in possession of land and holding an estate upon condition therein, of an intention to dedicate, coupled with subsequent acts of dedication, when the land reverted to him, tend to establish the *animus dedicandi*, and are proper testimony.

3. ——: RECORDS: TAXATION. Where land has been dedicated *in pais*, and continuously used as a highway, the facts that the county and city records all fail to show the existence of the highway, and that the land has been taxed, will not defeat the dedication or destroy the easement which the public holds therein.

4. ——: ———: ESTOPPEL. Where a party holds title by the descriptions given in a city plat, which does not recognize a highway, dedicated *in pais*, prior to the filing of the plat, he is not thereby estopped from asserting the existence of such highway.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION for the abatement of a nuisance committed in obstructing, by a fence, a public highway and to recover damages resulting therefrom to plaintiffs. There was a verdict and judgment for plaintiffs. Defendant appeals. The facts of the case, so far as they are involved in the questions ruled by the court, appear in the opinion.

*Harvey & Lehman,* for appellant.

*Clark & Connor,* for appellees.

BECK, J.—I. The petition alleges that plaintiffs are the owners of lot 11, block 2, of Savery's Park Addition to the city of Des Moines, upon which there are three buildings and other improvements; that north and west of the lots are highways opened and dedicated to the public by Lyon, the grantor of Savery, long before the latter acquired the property and platted it as an addition to the city; that the street west of plaintiffs' property was called Railroad street and the dedication thereof was accepted by the city and work was done and repairs and improvements were made by the city upon that part of the street adjacent to plaintiffs' property; that the public have continuously used the street as a highway for more than twenty years and for more than ten years prior to filing the plat of Savery's Park Addition, and that Savery knew, when he acquired the property, of the dedication of the land as a highway and that it had been used by the public for the time above stated. It is further averred that Savery by his acts and continued recognition of the highway is estopped to deny its existence. It is alleged that defendant has obstructed Railroad street by erecting a fence thereon and by enclosing a portion

thereof adjoining plaintiffs' property, and that defendant still maintains the obstruction to the damage of plaintiffs.

The answer of defendant denies that Lyon ever dedicated or opened the streets in question, and avers that Lyon sold to the M. & M. Railroad Company the land which is described as Savery's Park Addition, of which the realty in controversy is a part, and that he platted the land adjacent thereto, and Railroad street as platted by Lyon is wholly upon the land adjacent to Savery's Park Addition, and is not upon that addition. It is alleged that the land in controversy had been at all times claimed as private property, and that in 1864 Savery purchased from Lyon the tract conveyed and platted it as an addition to the city. The land in controversy upon which plaintiffs claim Railroad street is located is not covered by a street according to Savery's plat, but constitutes a lot. It is shown that this plat was filed in 1870, and it is averred that the city has never claimed that a street exists upon the land which is uninclosed, and has been taxed each year as private property.

II.   The evidence tended to show that Lyon in 1853 executed a deed for a tract of land to the M. & M. Railroad Company for depot grounds. The deed is upon condition that if depot buildings should not be erected upon the property within three years the land conveyed should revert to Lyon. The highway in question is upon this land. The railroad company never erected the depot buildings contemplated in the conditions contained in the deed executed by Lyon. It is not denied that the title reverted to Lyon. In 1858 Lyon filed a plat of the land adjacent to this tract as an addition to the city. The land so platted was upon the east, north and south of the depot grounds, but did not cover it. The land in controversy, being a part of the depot ground, is not covered by the plat filed by Lyon. The depot grounds were sold by Lyon to Savery in 1864 or 1865. The evidence tends to establish a dedication of the land in question to the public for the purposes

of a highway by Lyon before Savery acquired the title, and that the street was improved by the city and was continuously used by the. public until it was obstructed by defendant. Other facts need not be stated as they are not essential to an understanding of the questions of law presented by the case.

III. The defendant's counsel do not dispute the correctness of the instructions given to the jury, relating to the proof re-

1. STREET: dedication in pais : city plat.

quired to establish the dedication *in pais* of land for the purposes of a highway, but they insist the instructions were not applicable to the case for this reason: Lyon appropriated the land to the public by the plat which was filed in pursuance of the statute. It is not competent to establish another or different dedication of the same land by parol declaration or acts *in pais*.

The proposition of law announced by counsel may, for the purpose of this case, be admitted. But the record does not disclose the fact to which it is applied in counsel's proposition. The land in question was not covered by the plat filed by Lyon; he made no attempt to dedicate it to the public in that manner. There was not, therefore, a dedication *in pais* of land which had before been dedicated by means of the recorded plat. A further statement of facts as disclosed by the record will make our position plain.

It will be remembered that the land adjacent to the depot tract was platted, while the depot tract itself was not covered by the plat. This plat shows Railroad street adjacent to plaintiffs' lot to be 33 feet wide. This strip, 33 feet in width, was dedicated by the plat. The street is, however, 66 feet in width, the other strip of land covered by the street not dedicated by the plat was dedicated by parol declarations and by acts *in pais*. It will be seen that the street as to half of its width was dedicated by the plat; as to the other half by acts *in pais*. It follows therefore that there is no attempt in this case to show a dedication *in pais* and apply it to the same lands dedicated by the filing of a plat.

If the dedication *in pais* was made before the plat was filed, and there is evidence tending in that direction, and the public acquired a right to the land, that right could not be defeated by a subsequent plat covering one-half of the land. The dedication of the land by acts *in pais* and its acceptance secured rights to the public which were beyond the interference of the dedicator.

IV. Lyon was permitted to testify to declarations he made in 1856, showing dedication at that date. Counsel for defendant insists that this evidence was not competent for the reason that the land at that time had not reverted to Lyon, under the conditions of the deed executed by him to the railroad company. It appears that Lyon was in possession of the land in 1856 and in that year opened the street for public travel. He was not divested wholly of title by his deed to the railroad company; he held an estate upon condition in the land. We need not enquire whether he held such title in the land as would authorize him to make the dedication. Acts of dedications on the part of Lyon in 1858 are shown. The title of the land had then reverted to him. The first declarations made while he was in possession of the land and holding an estate therein upon condition, coupled with his subsequent acts, tend to establish the *animus dedicandi* when the title finally reverted to him. The testimony, we think, was properly admitted.

V. Counsel insists that as the records of the county fail to show the existence of the highway and the strip of land in question has been subjected all the time to the claim of defendant and taxed as her property by the city, it cannot now be regarded as a highway.

Dedication *in pais* is sufficient to establish a highway in the absence of grant or dedication by matter of record. The fact that the county and city records all fail to show the existence of the highway cannot, therefore, defeat the dedication.

The taxation of the land in view of the fact that it was con-

tinuously used as a highway, will not destroy the easement which the public holds therein. Had defendant been in possession of the land holding it adversely to the public the levy of the taxes thereon would have been inconsistent with the claim that it is a public highway. In this respect the case differs from *Simplot v. The City of Dubuque*, 49 Iowa, 630.

If counsel's position as to the effect of taxation be correct it would be often difficult to maintain highways resting upon dedication *in pais*. Their location is usually indicated by no record and is therefore unknown to the assessors. A land owner, if unfriendly to the existence of a highway, could readily cause it to be assessed. In this manner the public could be deprived of the easement.

VI. It is lastly insisted that plaintiffs are estopped to assert the existence of the highway for the reason that their

4. —— : —— :
estoppel:

lot is described in the conveyance to them according to the plat filed by Savery, which does not recognize the highway.

It cannot be claimed that Savery's omission to recognize the highway in the plat defeated the easement held by the public before and at the time he filed the plat. Even if plaintiff had assented to Savery's plat, the public highway would still have had an existence. The question then, is this, are the private and individual rights of plaintiffs to the highway defeated by the fact that they hold under a deed which describes their lot according to the description in Savery's plat? If it be true that plaintiffs have no remedy for the injury they sustained by the obstruction to the highway, it can be so only because they have no rights thereto. We then have the case of the existence of a public highway in which two citizens have no rights—a manifestly absurd result. If plaintiffs have rights in the highway the law gives them a remedy for the deprivation of the rights.

The fact that plaintiffs' lot is described as a part of Savery's Park Addition in no manner affects their title thereto or their

interest in the property. Matters of description identify the land conveyed; they have no connection with or relation to the estate in the land or the tenure thereof. The highway is appurtenant to the land and the rights thereto pass by a conveyance of the real estate. The street existed by dedication *in pais* before plaintiffs purchased their lot. Of this, Savery, plaintiffs, their grantor, and the whole world, had notice. All are bound to recognize the street as a lawful highway.

Had the highway been originally established by the plat filed by Savery and not by a dedication *in pais* before made, plaintiff could not insist that the street is different from the highway shown by the plat. This we understand to be the effect of *Rowan's Exrs. v. Town of Portland*, 8 B. Mon., 235, cited by defendant's counsel. This case does not touch the question before us.

We have discussed all the questions raised in the argument of defendant's counsel, and have reached the conclusion that the judgment of the Circuit Court ought to be

AFFIRMED.