[No. 8,003. Department One.—May 20, 1884.]

THOMAS BOLGER, APPELLANT, v. SAMUEL P. FOSS, RESPONDENT.

PUBLIC HIGHWAYS—ROAD THROUGH PRIVATE LANDS USED AS PUBLIC ROAD.— Section 2619 of the Political Code, which provides that "all roads used as such for a period of more than five years are highways," is not merely a declaratory law to the effect that the fact of use of a road as a public road for more than five years shall be evidence of dedication by the owners of the land through which it runs; it is in the nature of a Statute of Limitations, which gives to the public the right to use the road as a highway in case it has been so used.

ID.—CONSTITUTIONAL LAW.—The section referred to is not in violation of any provision of the Constitution.

ID.—FINDING.—Where it is found that a road has been used as a public road for more than six years, the finding is not overcome by a further finding that the owner of the land placed gates at the points where the road entered upon and emerged from his land, which did not prevent the passage across it.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

S. M. Buck, for Appellant.

W. H. Brumfield, for Respondent.

The COURT.—The action is for an injunction to prevent defendant trespassing upon plaintiff's land, and for damages. The defenses are that defendant has a right of way through the

plaintiff's lands; and that a highway or public road runs though them, upon which alone defendant has passed and threatens to pass.

"Prescription" is not a term strictly applicable to a right acquired by the public by the use of a way for any period of time. The law allows prescriptions only to supply the place of *grants,* and inasmuch as the public cannot take by grant, the term "prescription," in its strict sense, has no application to highways. The true doctrine would seem to be that immemorial use by the public is evidence of a *dedication,* just as such use by an individual is evidence of a grant to him. (Angell on Highways, § 131.) But where there is a statute that roads shall be deemed public highways which have been used as such for a named period, the right of the public to continue to use them as public roads is fixed and established. Whether such statutes may be considered as creating or recognizing a rule of evidence, and to declare that the public use for the named time shall be conclusive evidence of dedication, or rest on some other principle, their validity has not been doubted.

The court below found that for more than twenty-five years prior to the commencement of this action, the road mentioned in the answer was used and traveled by the public as a public road. Also that for more than six years the road had been used and traveled as a public road, and there was evidence to sustain the finding. Section 2619 of the Political Code provides: "All roads used as such for a period of more than five years are highways." This is more than a declaratory law to the effect that the fact of use of a road as a public road for more than five years shall be evidence, *prima facie* or conclusive, of dedication by the owners of the lands through which it runs. It is in the nature of a Statute of Limitations, which gives to the public the right to use the road as a highway, in case it has been so used. We know of no constitutional inhibition of such legislation. In New York there is a statutory provision to the effect that all roads not recorded, which have been or shall have been used as public highways, for twenty years or more, shall be deemed public highways. (1 R. S. 521, § 100; 3rd ed. 696, § 120.) Our attention has not been called to any decision in that State which questions the power of the legislature to adopt such enact-

ment. Similar provisions of statutes have passed unchallenged in other States. The fact, as found, that in the fall of 1877 the plaintiff placed gates at the points where the road entered upon and emerged from this land, which did not prevent the passage across it, does not overcome the effect of the finding that the road was used as a public road. Nor does the fact that plaintiff, "a short time" before he commenced this action, notified defendant that it was not a public road.

Judgment and order affirmed.

Hearing in Bank denied.