(December 17, 1894.)

## GROSS, ROAD OVERSEER v. McNUTT.

### [38 Pac. 935.]

HIGHWAY KEPT AT PUBLIC EXPENSE—PRESCRIPTIVE RIGHT.—Under section 851 of the Revised Statutes of 1887, as amended by Session Laws of 1893, page 12, it is not necessary that a highway be worked throughout its entire length, at public expense, to come within the provision of said section which declares that all roads used as such for a period of five years which have been worked and kept up at public expense are highways.

SPECIAL FINDINGS OF JURY.—Held, that the special findings of the jury were within the issues made by the pleadings and sufficient to sustain the judgment.

OBSTRUCTION OF HIGHWAY—CHANGES IN LINE OF.—Appellants sought to change a highway by changing the lines of their fence, and attempt to justify the change by showing that the new road is shorter and a better road than the one fenced up. Held, that changes in highways cannot legally be so made.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Texas Angel and Hawley & Puckett, for Appellants.

One statute in force at the time this action was brought, section 851 of the Revised Statutes, as amended, Laws of 1893, page 12, reads as follows: "Roads laid out and recorded as highways, by order of the board of commissioners, and all roads used as such for a period of five years, provided the latter shall have been worked and kept up at the expense of the public or located and recorded by order of the board of commissioners, are highways." There is no highway or line of highway, described by any of the witnesses in the case. Nor in the verdict or judgment. There is no finding by the court or jury that there was any definite line of highway established, by virtue of users of the public, for five years or for any other period. This was a material issue in the case and should have been alleged and proved. (Angell on Highways, 3d ed., sec. 151; Elliott on Roads and Streets, 137, 138; *South Branch R. R. Co. v. Parker,* 41 N. J. Eq. 489, 5 Atl. 641; *Bryan v. East St. Louis,* 12 Ill. App. 390; *Owens v. Crossett,* 105 Ill. 354; *State v. Horn,* 35 Kan. 717, 12 Pac. 148; *Starr v. People,* 17 Colo. 458, 30 Pac. 64.) "The public cannot acquire a prescriptive right to pass over land generally, and where a highway is claimed by prescription, a certain and well-defined line of travel must be shown." (Elliott on Roads and Streets, 137, 138; Angell on Highways, sec. 151; *Fox v. Virgin,* 11 Ill. App. 513; *State v. Horn,* 35 Kan. 717, 12 Pac. 146; *Rathman v. Norenberg,* 21 Neb. 467, 32 N. W. 305; *Cyr v. Dufour,* 68 Me. 492; *Shellhouse v. State,* 110 Ind. 507, 511, 11 N. E. 484; *Herold v. Chicago,* 108 Ill. 467; *South Branch R. R. Co. v. Parker,* 41 N. J. Eq. 489, 5 Atl. 641.)

Quarles & Redwine and R. P. Quarles, for Respondent.

Revised Statutes, section 851, defines a highway to be "all roads used as such for a period of five years." The evidence

of witnesses for both parties show that a road ran through the premises occupied by the defendants and which road was used by the public for more than twenty-five years. The highway obstructed had been used for more than five years prior to the encroachments alleged, and by reason of user, if by no other means, the public had a vested right in this highway, and it is immaterial whether the road had been worked or not, as the old statute did not require it to be worked. The legislature cannot take away vested rights, such as is shown to have existed in this case. (Sutherland on Statutory Construction, secs. 164, 480.) The land upon which this highway runs, so far as the premises of the defendants are concerned, was, when the highway was established, public lands of the United States. Section 2477 of the Revised Statutes of the United States is in these words: "The right of way for the construction of highways over the public lands, not reserved for public uses, is hereby granted." Here is an offer to dedicate by the owner. The public accepted the offer by constructing the highway, by having it looked after by public officers, worked and kept in repair. This completed the dedication, and complies with all of the requirements of a dedication. (Angell on Highways, secs. 132, 142; *Bequette v. Patterson,* 104 Cal. 282, 37 Pac. 917; *McRose v. Bottyer,* 81 Cal. 122, 22 Pac. 393.)

SULLIVAN, J.—This action was brought by respondent, as road overseer, to compel the appellants to remove certain obstruction from the highway described in the complaint, and for damages for refusal to remove the same. The appellants answered, admitting that they had constructed the fence complained of, but denied that it was constructed upon or across any highway which had theretofore been laid out or recorded by order of the board of county commissioners, or that it had been used as a highway for a period of five years prior to said

alleged obstruction; and further aver that the public have been provided with a good and sufficient road through said premises that was much shorter and equally as good as the one described in the complaint, and that the public have suffered no inconvenience or detriment whatever by reason of the closing up of said alleged highway. The case was tried by the court with a jury. Eight questions, covering the issues made by the pleadings, were submitted to the jury, and a special verdict was found, and judgment was entered against the appellants. This appeal is from the judgment, and is presented by bill of exceptions.

Numerous errors are assigned. The first is that the court erred in admitting evidence of work done by the public, or at public expense, on other portions of said highway than that in dispute. I do not think there is any point in this contention. Very few roads require work throughout their entire length. Our statute does not require work to be done upon a part of a highway not needing work, in order to acquire a right of way by prescription. If that contention is right, a highway acquired by prescription might be obstructed with impunity at any point where it had not been worked or kept up at public expense. We cannot assent to this doctrine. There was no error in admitting the evidence referred to.

It is further contended that the court erred in entering judgment upon the special verdict or findings of the jury, for the reason that the jury failed to answer the third question submitted to them. The question is as follows: "Had the road in question been laid out by the public, and used as such, for a continuous period of five years prior to the fall of 1892, and, if so, during how many years was it so used? A. Six years." It is urged that said answer is not responsive to said question, and for that reason the presumption is that the

finding was against the plaintiff. This question contains two distinct questions or propositions. The answer is to the second or last proposition; that is, the highway had been continuously used by the public for six years prior to the fall of 1892. The jury did not directly answer whether said highway had been laid out by the public, and, as that was not made an issue by the pleadings, I fail to understand the necessity of answering it.

The appellants also contend that said question is entirely outside of the issues and the proof submitted. If they are right in that contention (and I think they are, so far as the first proposition in the question is concerned), the failure to answer could not be prejudicial error. The special findings of the jury substantially cover the material issues made by the pleadings, and are sufficient to sustain the judgment.

Appellants further contend that there was no proof that any "defined line of roadway" had been traveled for five years. I think the evidence, taken as a whole, sufficiently defines the location. Caleb Davis testified that he had known said highway since 1866, and had gone over it often; that he is acquainted with the premises of appellants; that he had seen the fences constructed across said highway, and that said highway had run over the lands owned by defendants ever since he had been acquainted with that part of the country, and that it had been traveled by the public since 1866; that said road had been worked at public expense. The record contains other evidence to the same effect. David McNutt, one of appellants, in his testimony identifies the location of said highway, and admits that he had, by changing his fences, changed the line of said road over and by his premises. He testified that the said road extended across his premises; that they (appellants) had only moved the road twice where it crossed their premises, up-

to 1892; that they made the first change in 1883 or 1884, by moving the road about three hundred or four hundred yards to the east; and that "the difference between the road as it was and as it now runs is one hundred and six rods." The evidence shows that said road had been traveled for many years, but, by reason of encroachments made by appellants on said road, the public had been forced to travel some rods east of said highway. Appellants, by their answer and evidence, admit closing up said road, but attempt to justify their acts by showing that they had provided the public with a good and sufficient road at the point complained of, that was much shorter than the one closed up. The appellants' intentions may have been good, and the road provided in the place of the one closed may be much shorter; but the difficulty in their position is that changes in highways cannot be made in that manner, and especially is this true when the public or proper authorities do not consent to such change. The several other errors assigned I have carefully considered, and have failed to find prejudicial error in the record. I do not consider it necessary in this opinion to pass upon each separately. The judgment is affirmed, with costs in favor of respondent.

Huston, C. J., and Morgan, J., concur.