(January 23, 1895.)

## GROSS, Road Overseer, v. McNUTT.

### [38 Pac. 936.]

HIGHWAYS—PRESCRIPTION—SECTION 851 OF THE REVISED STATUTES CONSTRUED.—A highway by prescription under section 851 of the Revised Statutes rests upon user for a period of five years, not on the theory of a grant or dedication, but a public right founded on user and lapse of time.

On petition for a rehearing.

SULLIVAN, J. (On Rehearing).—This is a petition for a rehearing. It is contended that the court erred in holding that a prescriptive right of way could be acquired by the public over open and uninclosed land, and that the reason of the rule contended for is that there can be no adverse user so long as the owner has no desire or occasion to use the land over which a road may run. In this class of cases the distinction between adverse possession and adverse user must not be lost sight of. The use is adverse to the owner when he has not given his consent thereto.

In this case it was not shown whether the appellants had given their consent to the use of said road or not, and in our view of this case such proof was unnecessary. Section 851 of the Revised Statutes declares *inter alia* that all roads used as such for a period of five years are highways. There appears to be no distinction between roads used as such for a period of five years with the consent of the owner of the lands and roads used as such for a period of five years without the owner's consent.

A highway by prescription under said section rests upon user for a period of five years. The statute by its terms does not require an adverse user, but declares that all roads used

as such, for a period of five years, are highways, while section 852 of the Revised Statutes declares that: "A road not worked or used for a period of five years ceases to be a highway for any purpose whatever."

Section 851 declares the user necessary to establish a highway, and, once established, the period of nonuser required for abandonment thereof. A title, by prescription, is defined as one acquired by possession had during the time and in the manner fixed by law (Webster's International Dictionary; Angell on Highways, sec. 131), and as applied to highways it is an easement over land acquired by user during the period and in the manner fixed by law. Said section 851 prescribes the manner by which, as well as the time in which, a highway may be established.

The law makes no exception of lands open and uninclosed. If exception was made of open and uninclosed lands many of the roads in this state that have been traveled for time out of mind might be closed to the public. The authorities cited by appellants in their petition for rehearing are not applicable to the establishment of highways under the provisions of said section 851.

At an early date in the history of the United States it was held that prescription, in its strictest sense, had no application to highways for the reason that the public could not take by grant and title by prescription presupposes a grant. (Angell on Highways, sec. 131.) But we cannot assent to this doctrine. For when highways come into existence whether by dedication or prescription, they pass at once under the control of the public representatives designated by law. The supposition of the existence of a precedent grant in rights to highways acquired by prescription is a useless fiction and is not needed in any case to support the right conferred by user under our statute. (Elliott on Roads and Streets, 133.)

In *Odiorne v. Wade,* 5 Pick. 421, which was an action of trespass *quare clausum fregit,* the defendant put in a plea of common highway from time immemorial, and proved the existence of the way for more than sixty years, and the court held that the duration of the way was sufficient to support the plea of prescription. (Angell on Highways, sec. 131.) Thus in some of the earlier cases it was held that when it was shown that a way had been used by the public for time immemorial, such road was acquired or established by prescription. Immemorial use at common law was time out of mind, in contemplation of the provision of section 851 of the Revised Statutes above quoted, is five years.

In Elliott on Roads and Streets, page 138, the author says: "Some confusion in the authorities upon the question of the establishment of highways by prescription is caused by the existence in many of the states of statutes altering the rules otherwise applicable, and in some instances reducing the period of user required on the part of the public. Thus, for example, a statute of Indiana provides that: "All public highways which have been or may hereafter be used as such for twenty years or more shall be deemed highways. Twenty years' use of a road is held to constitute it a highway under this statute, whether the use be over the objection of adjoining land owners or with their consent."

In support of this the author cites *Strong v. Makeever,* 102 Ind. 578, 1 N. E. 502, 4 N. E. 11, in which the court says: "It is made very plain by the evidence that the road was opened in 1857, had been used, with the knowledge of the appellees, as a public highway for more than twenty years before this proceeding was commenced. By the explicit and positive terms of the statute that use made the road a public highway. Under this statute it is the twenty years' use that makes the road a public highway, etc."

So in the case at bar under our statute it was the five years' use that made said road a public highway, not on the theory of a grant or dedication, but as a public right, founded on user and lapse of time.   (*Bolger v. Foss,* 65 Cal. 250, 3 Pac. 872.)

The petition for rehearing is denied.

Morgan, C. J., and Huston, J., concur.