(April 17, 1906.)

## TOWN OF JULIAETTA (a Municipal Corporation), Respondent, v. H. M. SMITH, Appellant.

[85 Pac. 923.]

What Constitutes Roads and Highways—Five Years' Public Use and Work by County or Other Municipal Corporation Constitutes.

1. Under the provisions of section 851, Revised Statutes of Idaho, five years' use of a road or highway constitutes a public highway.

2. By the amendment to section 851 (Sess. Laws 1893, p. 12), five years' use and work by the proper authorities is required to constitute a public highway by prescription.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Latah County.   Hon. E. C. Steele, Judge.

Plaintiff commenced its action to remove an obstruction from a street or highway and for damages.   Judgment for plaintiff that the nuisance be abated, from which, and an order overruling a motion for new trial, defendant appeals. *Affirmed.*

Daniel Needham, for Appellant.

The doctrine of user does not apply to duly laid out and recorded highways, and the respondent is entitled to the twenty-foot alley and no more.   (*Pillsbury v. Brown,* 82 Me. 450, 19 Atl. 858, 9 L. R. A. 94; *Crossman v. Vignaud,* 14 La. 173.)

The doctrines of dedication and prescription are applicable to all public ways, such as alleys, footways and the like. (*Kimball v. City of Kenosha,* 4 Wis. 321, 336.)   Mere user is not evidence of dedication.   (*Gardiner v. Tisdale,* 2 Wis. 153, 60 Am. Dec. 407.)

The recording of the plat of the town of Juliaetta and the selling of lots in accordance therewith was an express dedication by Mr. Schupfer, and is the only competent evidence of his intentions, and the same became an irrevocable grant when third persons acted upon it. User cannot be invoked against Schupfer. (*Long v. Battle Creek,* 39 Mich. 323, 33 Am. Rep. 384; *Fisher v. Brose,* 2 Best & S. 780; *Boughlner v. Clarksburg,* 15 W. Va. 394; *Hogue v. City of Albina,* 20 Or. 182, 25 Pac. 386, 10 L. R. A. 673; *City of Topeka v. Cowee,* 48 Kan. 345, 29 Pac. 560, and cases cited therein.)

Orland & Smith, for Respondent.

The town of Juliaetta is a municipal corporation under the laws of the state of Idaho. Even if not organized with strict legal proceedings, it would be a municipal corporation by prescription. (*Bassett v. Porter,* 4 Cush. (Mass.) 487; *Bow v. Allenstown,* 34 N. H. 351, 69 Am. Dec. 491; *Robie v. Sedgwick,* 35 Barb. (N. Y.) 319; *People v. Maynard,* 15 Mich. 463; 28 Am. & Eng. Ency. of Law, 2d ed., p. 288.)

The appellant, being a private person, cannot question the fact of whether respondent is an incorporated town or not. (28 Am. & Eng. Ency. of Law, 2d ed., 289.)

STOCKSLAGER, C. J.—Respondent commenced this action in the district court of Latah county for the purpose of preventing the alleged obstruction to a certain traveled highway in the town of Juliaetta, claiming that the tract traveled was and is a highway by user; that the road has been used by the general public for travel since March, 1887, and for more than five years before the filing of the plat of the town of Juliaetta by Rupert Schupfer. It is alleged that appellant has placed certain obstructions, and threatens to continue to place such obstructions over a portion of the street or highway in the town of Juliaetta, thereby interfering with the free use of the street or highway. It is further alleged in paragraph 9 of the complaint "that if defendant is permitted to maintain the said fence and thus obstruct

that portion of the highway used and worked as the public highway street· for so long a period through said town, the safety of the citizens of Juliaetta, and of the traveling public as well, will be endangered, and the town be liable for damages arising from injuries caused by said obstruction over said highway." Appellant denied all the allegations of the complaint and justified all his acts by pleading ownership of the land in controversy.

On the twenty-first day of June, 1905, the case was tried without a jury. The ninth finding is that the travel over said strip or tract of land extends upon lots 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of block B, and the obstruction by fencing by the said defendant covers that strip of land over said lots and upon the part thereof which has been used and traveled by the public as a highway.

The tenth finding is: "That said obstruction placed by defendant upon and across said lots prevents the public from the use of said strip of land over which the public have been accustomed to travel. That the said strip of land described in the findings has been used and traveled by the public for such length of time that the same has become a highway by user, and that said strip of land is a public highway."

As conclusions of law the court finds: "That the obstructions placed upon such highway are a nuisance and should be abated, and the defendant enjoined from further obstructing said highway." Judgment and decree were entered in compliance with the foregoing facts and conclusions. The appeal is from the judgment and from an order overruling a motion for a new trial.

It is admitted that the appellant is the owner of the ten lots described in finding 9, and that he purchased them from R. Schupfer, the original owner of the townsite of Juliaetta, in 1903. The controlling question in this case is whether the public or the town of Juliaetta could acquire the right to any portion of these lots for use as streets or highways by user. On the twenty-seventh day of November, 1891, Rupert Schupfer made the following certificate of dedication:

"Know all men by these presents, that I, Rupert Schupfer, have laid off and platted as townsite, the land shown by annexed plat and description to be known as the town of Juliaetta, in Latah county, Idaho, and I do hereby dedicate to the public use, until lawfully vacated, the streets and alleys as shown on said plat. The sizes of lots, blocks, streets and alleys are marked on plat."

On the twenty-sixth day of March, 1892, a petition to incorporate the town of Juliaetta was filed with the clerk of the board of commissioners, and on the nineteenth day of April, 1892, the prayer for such incorporation was granted. It is shown by the plat which is a part of the record that the lots in dispute are between Main and State streets, and that there is an alley running between the streets and through the center of Block B. A number of errors are assigned in the record, but it occurs to us that the settlement of one law question practically disposes of the case. If the town or public can acquire private property for public use by user, then the judgment must be sustained, as we think it is abundantly shown by the record that the portion of the lots in dispute have been used as a highway more than the required statutory time to give the right to use by user, elsewhere than in an incorporated city, village or town. We are also of the opinion that the proceedings of the board of county commissioners in their acts and orders relative to the incorporation of the town of Juliaetta were a practical compliance with the statute—even if not organized by a strict compliance with all the provisions of our statute, it would still be a municipal corporation by prescription. (*Bassett v. Porter,* 4 Cush. 487; *Bow v. Allenstown,* 34 N. H. 351, 67 Am. Dec. 491; *Robie v. Sedgwick,* 35 Barb. 319; *People v. Maynard,* 15 Mich. 463; 28 Am. & Eng. Ency. of Law, 2d ed., 288.) As to the right of appellant to question the irregularities, if any, in the organization of the town, see volume 28 of American and English Encyclopedia of Law, second edition, page 289. The author says: "Irregularities in the organization of a town may be waived by the public, and a private person

cannot question the regularity of a town's existence''; citing authorities. Section 97 of Session Laws of 1899, page 213, dealing with city and village plats, says: ''The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for street or other public use.''

Learned counsel for appellant insists that ''when the plat of Juliaetta was recorded and lots sold in accordance therewith, the dedication became complete; and when the town incorporated it accepted the plat, and streets and alleys delineated thereon at once became the public thoroughfares of said town, and all persons who bought property in said town had notice as to what said incorporation claimed for its streets and alleys, and would be estopped to claim anything other or different than that shown on the plat. Such being the case with purchasers, the same doctrine will hold good as to the corporation, for, should the theory of plaintiff obtain in this case, then every person who buys a lot in accordance with a plat in an incorporated town or village in this state would have to inclose the same at once or stand guard over his property to keep the public from acquiring title thereto by user.'' There is much force, reason and equity in this contention, and unless the public had acquired a right to the use of this land for a public highway prior to the time Mr. Schupfer platted the townsite of Juliaetta and dedicated the streets and alleys to the use of the public, the judgment is erroneous and should be reversed.

The eighth finding of the court is, ''That the defendant has obstructed said strip of land over which the general public have traveled since about the month of March, 1887, by building, erecting and maintaining a fence over said land and over and across said land where and upon that part of said strip of land which the public were and have been during said time in the habit of traveling, and over and across that part where the track has been situated, and has by such fence obstructed and prevented the public from traveling upon the beaten track of said road or traveling upon that

part of said strip where the general public have traveled since about the month of March, A. D. 1887." A number of witnesses testified with reference to the use of the land in controversy as a highway from March, 1887, and since the platting and incorporation of the town of Juliaetta until it was fenced by appellant in 1903. There are conflicts in the evidence as to the use of this land for highway purposes, but an examination of the evidence shown by the transcript we think fully supports finding 8 above quoted, hence it became a public highway by prescription prior to the filing of the plat and dedication of the streets and alleys for the use of the public. There is nothing in the record showing that Mr. Schupfer ever objected to the use of these lots for a highway, or that there was any opposition from anyone until appellant purchased the lots and built his fence and inclosed what he believed to be his property.

Section 851 of the Revised Statutes, providing what shall be roads and highways in this state, says: "Roads laid out and recorded as highways by order of the board of commissioners, and all roads used as such for a period of five years are highways." This section was amended by the second session of the state legislature as follows: "Roads laid out and recorded as highways by order of the board of commissioners, and all roads used as such for a period of five years, provided the latter shall have been worked and kept up at the expense of the public or located and recorded by .order of the board of commissioners, are highways." (Sess. Laws 1893, p. 12.) By the finding of the court the road or highway in controversy was a public highway within the meaning of the general statute of 1889, or the act of the state legislature at its second session in 1893.

The supreme court of California in *Bolger v. Foss,* 65 Cal. 250, 3 Pac. 871, construed a statute relative to roads and highways and what constituted them. The first clause of the syllabus says: "Section 2619 of the Political Code which provided that 'All roads used as such for a period of more than five years are highways.' " In the opinion it is said: "But

where there is a statute that roads shall be deemed public highways which have been used as such for a named period, the right of the public to continue to use them as public roads is fixed and established." (Citing Angell on Highways, sec. 131.)

Again, in *McRoss v. Buttyer,* 81 Cal. 122, 22 Pac. 393, the same doctrine is announced. (See, also, *Freshour v. Hiln,* 99 Cal. 443, 34 Pac. 87.)

In *Getchell v. Benedict,* 57 Iowa, 121, 10 N. W. 321, it is said in the syllabus: "When plaintiff received a conveyance of a certain lot according to a plat which did not recognize a highway dedicated by acts *in pais* prior to the filing of such plat, held that they were not thereby estopped from asserting the existence of such highway."

It is held in *City of Louisville v. Brewer's Admr.* (Ky.), 72 S. W. 9: "Where a county road was taken into a city by annexation of the territory which it traversed, it became a city street without formal action on the city's part." (See, also, sec. 1009, same volume.)

2 Dillon on Municipal Corporations, 4th ed., sec. 637. Also

In *Ford v. Chicago etc. Assn.,* reported in 155 Ill. 166, 39 N. E. 650, 657, it is said: "A public highway arises by prescription where there has been an adverse user of the easement continued for a period fixed by law." Citing 19 American and English Encyclopedia of Law, page 7, where it is said: "Prescription is made by acquiring title to incorporated hereditaments by immemorial or long-continued use." (See, also, page 11, same volume.) *Gross v. McNutt,* 4 Idaho, 286, 38 Pac. 935, is decisive of this case.

We do not deem it necessary or useful to prolong this discussion or cite additional authorities. It is apparent from the record that the findings of fact were justified by the evidence, and from the authorities above cited and quoted from we think the court reached the proper conclusion of law.

Many assignments of error occurring at the trial are contained in the record, but it is unnecessary to pass upon them in our view of the case. The only serious question presented

by the record is whether the road passing over the property in controversy is a public highway within the meaning of our statute as amended by Session Laws of 1893, *supra,* and since we have found under the evidence and authorities that such is true, it ends the controversy. Judgment is affirmed with costs to respondent.

Ailshie, J., and Sullivan, J., concur.