(May 3, 1924.)

C. BEN ROSS, Administrator of the Estate of W. H. ROSS, Deceased, Substituted for W. H. ROSS, and Others, Appellants, v. Z. V. SWEARINGEN and the PACIFIC & IDAHO NORTHERN RAILWAY COMPANY, a Corporation, Respondents.

[225 Pac. 1021.]

Highways — Establishment — Trial — Burden of Proof—Evidence of Existence of Public Road—Motion for New Trial—Appeal and Error—Review—Discretion of Trial Court.

1. The burden of establishing the existence of a public road is on the one who alleges it.

2. In order to establish the existence of a public road, it is necessary to show either (1) that, prior to 1893, it had been laid out and recorded as a highway by order of the board of commissioners, or that it had been used as such for a period of five years; or (2) that, since 1893, the road was laid out and recorded as a highway by order of the board of commissioners, or that it has been used as such for a period of five years, and has been either worked and kept up at public expense or located and recorded by order of the board of commissioners.

3. A motion for new trial is addressed to the sound legal discretion of the trial court, and the action of the trial court in refusing to grant a new trial will not be disturbed where it does not appear that it abused its discretion.

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. B. S. Varian, Judge.

Proceeding before board of county commissioners on petition for removal of obstructions from alleged highway. Petition dismissed. Appeal to district court. Trial *de novo.* Judgment for defendants. *Affirmed.*

Lot L. Feltham, for Appellants.

Since the amendment of 1893 roads became public highways if used for a period of five years and kept up at the expense of the public. (Sess. Laws 1893, p. 12; *Gross v. McNutt,* 4 Ida. 300, 38 Pac. 935.)

L. L. Burtenshaw and W. R. McClure, for Respondents.

There are two ways of creating a public road in this state,—one by user and one by record; both methods are recognized by law and the decisions of this court, and one method is as potent as the other. (*Meservey v. Gulliford,* 14 Ida. 133, 93 Pac. 780.)

WM. E. LEE, J.—Appellants filed a petition with the board of county commissioners of Washington county, setting forth the ownership of certain lands on the Weiser River; that the lands were connected with the national highway passing through Adams county by the road here in question;

and that respondents had erected certain gates across the road which prevented its free use by appellants and the public generally; and appellants petitioned the board of county commissioners to order the removal of the gates. A remonstrance was filed with the commissioners by respondent Swearingen and others alleging, among other things, that the road in question was not a public road. The commissioners denied the petition. An appeal was taken to the district court, where the matter was tried *de novo*, and judgment was entered sustaining the action of the commissioners and dismissing the petition. From the judgment and from an order overruling a motion for a new trial, this appeal is prosecuted.

Appellants assign a number of errors to the effect generally that the findings of fact are not supported by the evidence, that the conclusion of law "is contrary to the evidence" and "contrary to law," and that "the judgment is not supported by the evidence and is against law." The record shows that in about 1882 the settlers of that portion of Washington county commenced to travel from Goodrich up the Weiser River to the mouth of the middle fork of said river, and up the middle fork to the Council-Salubria road. The land along these streams was then mostly uninclosed public land, and the travel resulted in a fairly well-defined road. Appellant W. H. Ross was the owner of certain lands on the main river, and respondent Swearingen is the owner of certain lands immediately east of that owned by appellant. The railroad crosses the middle fork of the Weiser River just above its mouth, and extends through the lands of respondent Swearingen. A large number of witnesses testified at the trial, and it is disclosed that a road existed for a number of years through the lands owned by Ross and Swearingen, extending in places close to the river bank where the river had washed out the road. There was evidence to the effect that the crossing of the main stream was formerly at a different place, and that for years gates had closed the road on the Ross land and on lands farther down the stream. It also appears that appellant W. H. Ross put up, possibly for the railroad com-

pany, the first gate placed across the road, and that he agreed on the site for the first gate put up by respondent Swearingen. Appellant W. H. Ross built a new road on his own land in places where the old road had been washed out, and also constructed a new road on the respondent Swearingen's land to obviate a very difficult grade on the old road.

No question is made of the propriety of the nature of the proceeding, and the parties agree that the question at issue was whether the road described in the petition was a public road. Appellants complain of the findings of fact and insist that they are immaterial and not supported by the evidence. Many of the findings are not material to the controversy, but the court does find that no public crossing had ever been maintained over the railroad, which was constructed in 1900; that neither of the pieces of road built by appellant W. H. Ross is on the line of the old road; that the commissioners have never recognized the road as a public road; and that the road was never opened or maintained by either Washington or Adams counties. We are of the opinion that there is sufficient evidence to sustain the material findings. As a matter of law, the court concludes that no public road then existed along the route described in the petition.

"Highways are roads . . . . laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public." (R. S., sec. 850; C. S., sec. 1302.)

"Roads laid out and recorded as highways, by order of the board of commissioners, and all roads used as such for a period of five years, are highways. . . . . " (R. S., sec. 851.)

R. S., sec. 851, was amended in 1893 to read as follows:

"Roads laid out and recorded as highways, by order of the board of commissioners, and all roads used as such for a period of five years, provided the latter shall have been worked and kept up at the expense of the public, or located and recorded by order of the board of commissioners, are highways. . . . . " (C. S., sec. 1304.)

Appellants had the burden of establishing the existence of the public road described in the petition. They failed to prove that the road had been laid out and recorded as a highway by order of the board of commissioners, or that it had been used as such for a period of five years. (R. C., sec. 851.) Neither did they prove that the road had been laid out and recorded as a highway by order of the board of commissioners; nor that it had been used as such for a period of five years, and that it had been either worked and kept up at public expense or located and recorded by order of the board of commissioners. (C. S., sec. 1304.) There was evidence that the road had been used, but it was not established that it had ever been "laid out and recorded" by order of the board of commissioners, or "worked and kept up at the expense of the public," or "located and recorded by order of the board of commissioners." The evidence was sufficient to justify the court in concluding that the road was not a public road, but that it was one over which people had traveled at will but on which land owners through whose lands it extended had felt at liberty for many years to maintain and had maintained gates. The conclusion of law was not "against law"; it logically followed and resulted from appellants' failure to prove the existence of a public road. The judgment was not only not "against law," but it was the only judgment that could have been entered in view of the findings of fact and conclusion of law.

Appellants assign the denial of a new trial as error. A motion for new trial is addressed to the sound legal discretion of the trial court, and the action of the court in refusing to grant a new trial will not be disturbed on appeal where it does not appear that it abused its discretion. The affidavit in support of the motion has been examined, and it does not appear that appellants were entitled, on their showing, to a new trial.

Affirmed. Costs to respondents.

McCarthy, C. J., and Budge, J., concur.