261 P.2d 815

**KOSANKE v. KOPP et al.**
No. 7999.

Supreme Court of Idaho.
Oct. 7, 1953.
Rehearing Denied Oct. 26, 1953.

O. R. Baum, R. Max Whittier and Ruby Brown, Pocatello, for respondents.

Zener & Peterson, Pocatello, Potvin & Schou, American Falls, for appellant.

THOMAS, Justice.

Plaintiff, hereinafter referred to as appellant, brought an action against defendants, hereinafter referred to as respond-

ents, seeking to perpetually restrain and enjoin respondents from traveling over and across lands of appellant.

Respondents contended that the two routes traveled over and across said lands, one known as the "Sunbeam Road" and the other known as the "Blind Springs Gulch Road", both of which go through the farming lands of appellant, are and have been public highways since the earliest days of the settlers in the county; on the other hand, appellant asserts that each road is a private way of appellant; that they have not been worked or maintained at public expense and that respondents, having no right to travel thereon, are mere trespassers.

The matter was tried before the court, without a jury, which found and decreed that each roadway was a public highway and that the public, including respondents as members of the public, has a right to travel thereon. From the judgment, this appeal was taken.

Appellant set forth 29 assignments of error, primarily directed at the insufficiency of the evidence to support the findings made, the conclusions of law drawn therefrom and the judgment entered.

We will not discuss separately or in great detail the errors assigned but will consider every substantial question raised in the light of the evidence adduced, the facts found and the law applicable thereto.

Numerous witnesses were called, many of them testifying at great length; an examination of the voluminous record discloses little or no conflict in the evidence, the pertinent matters being substantially as related hereinafter.

The Sunbeam Road has been used and traveled by the public since 1882 without any interference with such use and enjoyment except by appellant after he acquired the land over which it traversed. Some of the lands were acquired in 1945 and the remainder in 1947, after which appellant erected gates thereon which were removed by those using the roads. There was evidence of and the court found that this road which was reasonably well defined and marked upon the ground and its courses, substantially without change throughout the years, was used as a highway from 1882 up to the time the action was commenced and that some work had been performed on parts of the road with public equipment and at public expense from time to time. Many years ago this was done by working out the poll tax. Prior to the time appellant acquired the lands over which both roads run, the use thereof by the public was in nowise interfered with and such interference as was occasioned thereafter by appellant was at all times resisted and the use thereof continued otherwise without interruption up to the time the action was instituted.

The lands which the Blind Springs Road traverses are located in Independent High-

way District No. 1, Power County, Idaho; the Highway District in 1915 and 1916 obtained written easements from the then property owners for such road; these easements were recorded in the office of the County Recorder of Power County on January 18, 1917; this road has been used by the public as necessity arose therefor since the acquisition of such easements and work performed upon portions thereof with equipment of, and at the expense of, the Highway District.

The controlling question at issue under the pleadings and proof was whether the roads were private ways of the appellant or public highways.

Appellant contends that the facts found by the trial court are not supported by the evidence. While some of the findings made by the court are not material to a disposition of the primary matters in controversy, the court did specifically find, supported by substantial competent evidence, that the Sunbeam Road was rightfully used as a public highway prior to 1882 and up to the present time as necessity arose and that certain work had been performed thereon, or upon parts thereof, by the appropriate public authorities and at public expense and concluded that it has been at all times since 1882 a public highway.

As early as 1875 all roads, trails, streets and thoroughfares, used as such, were highways. Idaho Territory Laws, 1875, p. 677. Later, under the Revised Statutes of 1887, sec. 851, the legislature declared that roads laid out and recorded as highways, by order of the board of commissioners, and all roads used as such for a period of five years, are highways. Under this statute, the use of a highway for a period of five years brought the road into existence as a highway without more; it was founded on user and the lapse of time and passed at once under the control of the public authorities designated by law. Gross v. McNutt, 4 Idaho 300, 38 P. 935, 936.

Sec. 851 of the Revised Statutes of 1887 was amended in 1893, after the Sunbeam Road had been brought into existence by user for a period of time in excess of the required five years. Under the amendment, a road would not come into existence as a highway by mere user for the period of five years; additionally, it must have been worked and kept up at the expense of the public. Laws of 1893, sec. 851, p. 12. The requisite steps to establish a highway, before and after the amendment of 1893, are aptly set forth in the syllabus in Ross v. Swearingen, 39 Idaho 35, 225 P. 1021, as follows:

"In order to establish the existence of a public road, it is necessary to show either (1) that prior to 1893 it had been laid out and recorded as a highway by order of the board of commissioners, or that it had been used as such for a period of five years, or (2) that, since 1893 the road was laid out and recorded as a highway by order of the board of commissioners or that

it has been used as such for a period of five years, and has been either worked and kept up at public expense or located and recorded by order of the board of commissioners."

The trial court found upon substantial competent evidence that the Sunbeam Road had been used for a period of time in excess of five years prior to 1893, hence it was justified in concluding as a matter of law that it came into existence as a highway by mere user.

With reference to the Blind Springs Road, the court found that Independent Highway District No. 1, Power County, Idaho, obtained the necessary written easements for such road in 1916, which were duly recorded; that it has been used by the public for more than thirty-five years, that work has been performed on portions thereof by the appropriate authorities at public expense and that this road is a public highway which the public is entitled to use and which has been open to the public. There is sufficient competent evidence to sustain such findings. It follows that the court was justified in concluding as a matter of law that the Blind Springs Road is a public highway. § 40-103, I.C.; Ross v. Swearingen, supra; State v. Berg, 28 Idaho 724, 155 P. 968.

It is urged by appellant that it was error for the court under the pleadings to admit any evidence tending to show that the Sunbeam Road existed and was first traveled in the year 1882. This contention is based upon the proposition that the complaint having been filed on April 8, 1949, and the answer having alleged that this road had been used for more than forty years last past, necessarily limited the proof of user to forty years and one day prior to the commencement of the action which would be April 7, 1909. Appellant cites the case of Meservey v. Gulliford, 14 Idaho 133, 93 P. 780, in support of this contention; such case is readily distinguishable from the case at bar; there the issues as framed revealed that the case was tried on the theory that the road became a highway not only by user but also by reason of the expenditure of public funds thereon under the provisions of sec. 851, after it had been amended in 1893. The action was filed in 1906 and it was alleged that the road was a public highway for more than ten years immediately preceding the commencement of the action; hence, the court held it was error to admit evidence of the establishment of the road from 1887 to 1893; however, in the instant case it was further alleged in the answer that since the days of the first settlers in said county the Sunbeam Road had been traveled by the general public and work performed thereon during the years past; no demurrer to the answer was interposed and no objection made to the admission of such evidence; under the pleadings it is clear that the issues were framed upon the theory that the Sunbeam Road had become a highway by reason of mere user prior to the amendment of the statute

in 1893 and continued as such, without abandonment or vacation, by reason of user and expenditure of public funds thereon after the statute was amended in 1893. For these reasons there was no error committed by the Court in the admission of evidence that the Sunbeam Road had been used as early as 1882 and that work and labor had been done at public expense thereon prior to April 7, 1909.

Finally, it is contended that an easement for a roadway must be located definitely and with certainty as to its route, course, origin and destination; that the judgment entered herein does not meet these requirements. While there is an abundance of evidence that both highways are reasonably well defined and marked upon the ground and their actual location might readily be made, nowhere in the judgment are the routes, courses, origin and destination set forth with that degree of definiteness and certainty so necessary to place it beyond the threat of any future litigation growing out of such uncertainty. This contention has merit.

Both the findings and judgment set forth the width and locate the roads generally as running from the Power County public road which runs along the northerly boundary of Secs. 19 and 20, Twp. 7, S.R. 32 EBM, and thence running in a generally southerly direction across a portion of certain designated sections in designated townships and ranges. No points of origin, courses, distances or destinations are set forth with such particularity that each highway may be identified and located by reference to the judgment.

A judgment which affects the title or interest in real property must describe the lands specifically and with such certainty that the court's mandate in connection therewith may be executed, and such that rights and liabilities are clearly fixed and that all parties affected thereby may readily understand and comply with the requirements thereof. Norrie v. Fleming, 62 Idaho 381, 112 P.2d 482; People v. Rio Nido Co., 29 Cal.App.2d 486, 85 P.2d 461; 49 C.J.S., Judgments, § 72, p. 191, 49 C.J. S., Judgments, § 80, p. 203; 30 C.J.S., Equity, § 598, p. 985.

For the reasons hereinabove expressed we are constrained to, and we do, remand the cause to the trial court with directions to modify the judgment by setting forth therein with precision and particularity the origin, courses, distances and destination of each public highway, on the ground, with the right to take further testimony in these respects if deemed necessary.

No costs.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.