[No. 12515.  In Bank. — June 25, 1888.]

## WILLIAM SMITH, RESPONDENT, v. C. W. TALBOT, APPELLANT.

HIGHWAY — ENCROACHMENT — ABATEMENT OF NUISANCE — PENALTY — REMEDY OF ROAD OVERSEER. — No action lies under section 2734 of the Political Code at the suit of the road overseer to abate an encroachment of a highway as a nuisance, and for the penalty therein provided, unless the encroachment has come into existence after the highway is laid out or completed.  If placed there by the owner of the land before the highway is laid out, the only remedy of the road overseer is to pursue the course prescribed by section 2695 of the Political Code.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing to set aside the judgment.

The facts are stated in the opinion.

*Brown & Daggett,* for Appellant.

*Lamberson & Taylor,* for Respondent.

FOOTE, C. — This action was brought by a road overseer to recover a penalty of ten dollars for each day upon which the defendant was alleged to have violated the statute in maintaining an encroachment upon a public highway, and to cause a removal thereof.  Judgment was given against the defendant, that the encroachment complained of be removed, and that he pay the sum of $1,680 as penalty in maintaining it for 168 days after legal notice to remove it.  From that, and an order denying a new trial, the defendant has appealed.

He claims that the complaint does not state facts sufficient to constitute a cause of action.  The complaint was evidently framed upon the supposition that the cause of action accrued under sections 2731 and 2734 of the Political Code, which are as follows:—

"Sec. 2731.  If any highway duly laid out or erected

is encroached upon by fences, buildings, or otherwise, the road overseer of the district may, orally or in writing, require the encroachment to be removed from the highway."

"Sec. 2734. If the encroachment is denied, and the owner, occupant, or person controlling the matter or thing charged with being an encroachment refuses either to remove or permit the removal thereof, the road overseer must commence in the proper court an action to abate the same as a nuisance; and if he recovers judgment, he may, in addition to having the same abated, recover ten dollars for every day such nuisance remained after notice, and also his costs in said action."

These sections evidently contemplate that when an action is brought to recover penalties inflicted under section 2734, *supra*, and the removal of the obstruction, that the facts shall show that it is a case where the encroachment or obstruction has not come into existence until after the highway is laid out or completed.

In this case, according to the complaint, the defendant had erected his alleged encroachment upon the land claimed as a highway before the board of supervisors of the county had laid it out or erected it into a public highway.

As it seems to us, the remedy to which the road overseer is relegated is to be found in section 2695 of the Political Code, which is as follows:—

"Sec. 2695. When the alteration of an old or the opening of a new road makes it necessary to remove fences on land given, purchased, or condemned by order of a court for road or highway purposes, notice to remove the fences must be given by the road overseer to the owner, his occupant or agent, or by posting the same on the fence; and if the same is not done within ten days thereafter, or commenced and prosecuted with due diligence, the road overseer may cause it to be carefully removed at the expense of the owner, and recover of him

the cost of such removal, and the fence material may be sold to satisfy the judgment."

It is evident that the legislative intent was to make a difference in dealing with the man who, without claim or right, willfully encroaches upon the highway and refuses to remove his obstruction on due notice, and the one who constructs a fence or makes some other encroachment upon land which at that time is not a public highway, but after the placing of the obstruction becomes such a highway, the encroachment still remaining after due notice to remove it. It is to meet the inconveniences to the public arising from these two different classes of encroachments upon highways that the sections *supra* have been enacted.

The facts set out in the complaint show no cause of action sufficient to support the judgment, which was evidently given under section 2734, *supra.*

It is unnecessary to notice the other points made, and we advise that the judgment and order be reversed, and the cause remanded.

HAYNE, C., concurred.

BELCHER, C. C., took no part in this decision.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed and the cause remanded.

Rehearing denied.