[No. 14941.  Department Two.—August 31, 1893.]

J. T. FRESHOUR, Road Overseer, etc., Respondent, v. F. A. HIHN, Appellant.

Highway—Description of Road—Complaint for Obstruction—Support of Judgment.—When in describing the location of a road the width is given, and but one of its lines is particularly described by course and distance, the line so described will be deemed to refer to the center line of the road in the absence of anything in other parts of the description tending to indicate a contrary intention; and where a complaint for the obstruction of a highway described it as forty feet wide, commencing at a certain point named, and following the course and distance of a given line to the line of average high tide in a given bay, the description is sufficiently certain to support a judgment abating the obstruction.

Id.—Highway by User in Santa Cruz County—Dedication Immaterial—Finding.—Under section 52 of the act of March 31, 1876, providing for the establishing and maintaining of roads in Santa Cruz County, the use of a road by the public for a period of five years next preceding the passage of the act, constituted such road a public highway, regardless of whether or not the owner of the land in permitting such use intended thereby to dedicate the land used as a public highway; and a finding that a road in that county has been traveled and used by the public generally as a public road or highway "for more than twenty years continuously immediately preceding the 1st of May, 1890," is a sufficient finding that the road in question was a public highway.

Id.—Penalty for Obstruction Inapplicable—Construction of Code.—The right of a road overseer to recover the penalty of ten dollars for each day an obstruction exists upon a public highway, given by sections 2731, 2732, and 2734 of the Political Code, applies only to the case of a highway established by the proper officers in the manner prescribed by law, and does not extend to a case where the highway is only such by user or abandonment to the public, and has not been recorded as a highway.

Id.—Highway Duly Laid Out or Erected.—The words "duly laid out or erected," as used in section 2731 of the Political Code, have reference to the formal and official action which the law enjoins upon those charged with the duty of establishing public highways; and a highway "duly laid out or erected," within the meaning of that section, is one which has been established by the proper officers in the manner prescribed by law.

Id.—Remedy for Obstruction in Highway by User—Nuisance.—The only remedy which the public has for an obstruction in a highway which exists only by user is an action to remove the obstruction as a nuisance.

Id.—Evidence—Ordinance Directing Record—Defect in Pleading.—In an action by a road overseer to have an obstruction placed by the defendant in a public highway abated as a nuisance, where the complaint does not allege the encroachment to be upon a highway duly laid out or established by law, it is error for the court to admit in evidence an ordinance of the board of supervisors directing the clerk to record the road as a public highway.

Id.—Void Ordinance—Insufficient Description of Road.—An ordinance of the board of supervisors directing the clerk of the board to record as a public highway a road described only by the course and distance of a given line, the width of the road not being given, is void.

Costs—Taxation—Order before Judgment—Review upon Appeal.—Where a motion to tax costs is made before judgment and denied, the order denying the motion may be reviewed upon appeal from the judgment.

Id.—Costs of Attendance of Jurors—Waiver of Jury Trial.—Where upon the day fixed for the trial of an action, a jury was in attendance, but the parties

agreed to try the case without a jury, the successful party is not entitled to recover as costs the amount of the attendance fees of such jurors, where the fees were not actually paid, nor any liability therefor incurred by such party.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles B. Younger*, and *Edward R. Taylor*, for Appellant.

*William T. Jeter*, *Carl E. Lindsay*, and *Julius Lee*, for Respondent.

DE HAVEN, J.— The plaintiff is the road overseer of Soquel Road District, in Santa Cruz County, and this action was commenced by him to have an obstruction placed by defendant in a public highway in that district abated as a nuisance, and also to recover from defendant the sum of ten dollars for every day the obstruction remained after he had received notice to remove it.

The judgment of the superior court was in favor of plaintiff, and was to the effect that the obstruction complained of be abated as a nuisance, and that plaintiff recover from defendant in addition to the costs of the action the sum of eight hundred and seventy dollars, the penalty demanded in the complaint, because of defendant's failure to remove the obstruction. The defendant appeals.

1. The objection is made that the complaint is fatally defective in its description of the highway defendant is charged to have obstructed. The complaint alleges that the highway referred to is forty feet wide, and that it commences at a certain point named, thence following the course and distance of a given line "to the line of average high tide to the bay of Monterey"; but it is not directly averred whether the land thus described is the center or one of the side lines of such road. We think this general description sufficient. When in describing the location of a road the width is given, and but one of its lines particularly described, as in the complaint here, the line so described by its course and distance will be deemed to refer to the center line of the road in the absence of anything in other parts of the description tending to indicate a contrary intention. (*The People* v. *The Commissioners of Highways of Redhook*, 13 Wend. 310.)

2. The court below found "that the road mentioned and described in the complaint has been traveled and used as such by the public generally, as a route of travel for the ordinary uses and purposes of a public road or highway, for a period of more than twenty years continuously immediately preceding the first of May, 1890." This finding was within the issues made by the pleadings, and is a sufficient finding that the road in question was a public highway under the provisions of section 52 of the act approved March 31, 1876, entitled "An act to establish and maintain public and private roads in the county of Santa Cruz," and which declares that "roads used as public roads for a period of five years unobstructed, next preceding the passage of this act, are roads or highways within the meaning of this act." Under this statute, which defendant concedes is applicable to this case, the use of the road by the public for the period named, without any reference to the question whether the defendant in permitting such use intended thereby to dedicate the land used as a public highway, is the controlling fact upon which the right of the public to continue such use is made to rest. (*Bolger* v. *Foss*, 65 Cal. 250; *McRose* v. *Bottyer*, 81 Cal. 125.) Upon the question of fact thus found by the court below there is a substantial conflict in the evidence, and under the rule which has been often declared here the finding will not be disturbed by this court.

3. The most important question in the case relates to the right of the plaintiff to recover the penalty of $10 for each day the obstruction continued after defendant was notified to remove it. This right, if it exists at all, is given by sections 2731, 2732, and 2734 of the Political Code. Section 2731 provides: "If any highway *duly laid out or erected* is encroached upon by fences, buildings, or otherwise, the road overseer of the district may orally, or in writing, require the encroachment to be removed from the highway." Section 2732 provides for the giving of notice to the person causing or owning the encroachment, which notice must specify "*the breadth of the highway*, the place and extent of the encroachment, and requiring him to remove the same within ten days"; and by section 2734 it is provided that "if the encroachment is denied and the owner, occupant, or person controlling the matter or thing

charged with being an encroachment refuses either to re-move or permit the removal thereof, the road overseer must commence in the proper court an action to abate the same as a nuisance; and if he recovers judgment he may, in addition to having the same abated, recover $10 for every day such nuisance remained after notice, and also his costs in said action."

The encroachment referred to in this last section is one upon such a highway as is described in the preceding section (2731), viz., a highway "duly laid out or erected." The words "duly laid out or erected," as there used, have reference to the formal and official action which the law enjoins upon those charged with the duty of establishing public highways; and a highway "duly laid out or erected," within the meaning of section 2731 of the Political Code, is one which has been established by the proper officers in the manner prescribed by law. By subdivision 2 of section 2643 of the Political Code, it is made the duty of the boards of supervisors of the several counties to "cause to be recorded as highways such roads as have become such by use or abandonment to the public" within their respective counties; and, in our opinion, until so recorded such a highway cannot be said to have been "duly laid out or erected," so as to author-ize a recovery of the statutory penalty given by section 2734 of the Political Code. The only remedy which the public has for an obstruction in a highway which exists only by user and which has not been duly recorded, is an action to remove the obstruc-tion as a nuisance. Substantially the same conclusion was reached by the court of appeals of the state of New York, in construing certain sections of the revised statutes of that state relating to penalties for the encroachment upon highways and containing language very similar to that which is used in the above-mentioned sections of the Political Code. (See *Doughty* v. *Brill*, 3 Keyes, 612; *Talmage* v. *Huntting*, 29 N. Y. 447.) And it is not difficult to understand why the legislature deemed it proper to make this distinction in regard to the remedies allowed to the public for an encroachment between the case of an encroachment upon a highway established with deliberation and care by officers appointed for that purpose, and one upon a road not formally accepted and recorded, and existing only by reason of dedication or abandonment to the public. In the

latter case the exact location of the highway, as well as the fact of its existence, is often a matter of doubt and honest dispute between the citizen and the public, and until its location and existence have been definitely ascertained and determined in some appropriate mode, it would be unjust to subject the citizen to the extreme penalty given by section 2734 of the Political Code, and which is intended only for the wilful encroachment upon a highway, the location and existence of which are matters of public record, and of which all persons must take notice. That it was not the intention to impose this penalty for the obstruction of a highway which is only such by user or abandonment to the public, but has not been recorded as a highway, is also apparent from section 2732 of the Political Code, which requires a notice "specifying the breadth of the highway," to be given to the person charged with the obstruction, before bringing an action to recover such penalty. The giving of the prescribed notice is essential to the right to maintain the action; but, unless the breadth of the highway has been established by some order or ordinance of the board of supervisors, it would not be possible for a road overseer to give the required notice "specifying the breadth of the highway." In the case of a highway by user or dedication, its width is limited by the extent of the actual user or dedication; and in recording such a road the board of supervisors cannot enlarge the actual boundaries of the road so used or dedicated—the board is simply authorized to make a record of the location of the road as it actually exists for the purpose of perpetuating the evidence of the public right. As said by Bronson, J., in *People* v. *Judges of Cortland Co.,* 24 Wend. 490: "Both the extent and the fact of the dedication depend on the user, and the public must take *secundum formam doni.*" It follows from what has been said that the complaint here does not state facts sufficient to entitle plaintiff to the penalty recovered by the judgment in this action.

4. The court erred in admitting in evidence the ordinance of the board of supervisors directing the clerk of the board to record as a public highway "that certain road in Soquel Road District . . . . leading from the village of Soquel to the beach near the wharf of the Steamship Company." Assuming that

this ordinance was meant to refer to the road in controversy here, it is void because it does not state the width of the road, and describes it only by the course and distance of a given line. In addition to this, the complaint did not allege the encroachment to be upon a highway duly laid out or.established by law.

5. In the memorandum of costs filed by plaintiff there was an item or charge of $49.70 for jury fees, and the defendant made a motion to have the same stricken out and disallowed. The motion was made before judgment and was denied, and the order may, therefore, be reviewed on appeal from the judgment. (*Empire etc. Co.* v. *Bonanza etc. Co.*, 67 Cal. 406.) It appears that when the case was set for trial the plaintiff waived a trial by jury, and the defendant stated that while he did not demand a jury he would not expressly waive the same. Upon the day fixed for the trial a jury was in attendance, and the bill of exceptions states that "the parties then announced that they had agreed to try the case without a jury. Thereupon the court discharged the panel of jurors and the case was tried by the court without a jury," and the plaintiff did not pay any jury fees, nor incur any liability therefor. Upon these facts the court erred in denying the motion of defendant. The plaintiff neither paid nor incurred any expense because of the attendance of the jury, and we are not aware of any law which entitles him to recover from defendant the amount of the attendance fees of such jurors.

Judgment and order reversed, and cause remanded for a new trial.

FITZGERALD, J., and MCFARLAND, J., concurred.